**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DARYL GUBERMAN,

    Plaintiff,

v.                                                              Case No. 8:20-cv-1200-T-60AEP

WILLIAM F. JUNG,

    Defendant.

_____/

**<u>ORDER DISMISSING CASE WITH PREJUDICE</u>**

This matter is before the Court on Plaintiff Daryl Guberman's complaint filed on May 26, 2020. (Doc. 1). Plaintiff has filed this *pro se* § 1983 suit against a United States District Judge based on actions taken by that judge in *Paris v. Levinson*, No. 8:19-cv-423-T-02SPF. Plaintiff specifically takes issue with several of Judge William F. Jung's rulings against him, arguing that the actions have resulted in several violations of his constitutional rights. Because Plaintiff is proceeding *pro se*, the Court more liberally construes the pleadings. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018).

As the Eleventh Circuit explained just nine days ago:

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). Judges are also generally immune from injunctive and declaratory relief unless (1) a declaratory decree was violated or (2) declaratory relief is unavailable. *Id.* at 1242. "A judge enjoys immunity for judicial acts regardless of whether he

> made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018).

*McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20, 2020). Importantly, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Considering the allegations in the complaint, the Court finds that Judge Jung is entitled to absolute judicial immunity. *See, e.g., McCree*, 2020 WL 2632329, at 1-2 (holding that judge was entitled to absolute judicial immunity from injunctive relief and money damages where plaintiff alleged that judge violated his constitutional rights by arbitrarily denying motion); *Bolin*, 225 F.3d at 1239-40 (holding that federal judges are entitled to absolute judicial immunity from injunctive relief and money damages for acts taken in their judicial capacity unless jurisdiction is clearly absent); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (explaining that judge will not be deprived of immunity even if action was in error, done maliciously, or in excess of his authority, and he is only subject to liability in the clear absence of all jurisdiction). Because Plaintiff's allegations emanate from actions taken by Judge Jung in his judicial capacity during proceedings over which he had jurisdiction, Judge Jung is absolutely immune from civil liability.[1]

---

[1] Although Plaintiff appears to claim that Judge Jung lacked jurisdiction over his case, this allegation – even if true – would not preclude absolute judicial immunity. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge," and a judge is only be subject to liability "when he has acted in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356-57. There is a distinction between acts performed in excess of jurisdiction and acts performed in the clear absence of jurisdiction. *See id.* at n.7.

Normally, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless amendment would be futile. *See McCree*, 2020 WL 2632329, at *1 (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.* (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). In this case, amendment would be futile because Judge Jung is entitled to absolute immunity for his role in Plaintiff's proceedings in case no. 8:19-cv-423-T-02SPF. As such, the complaint is due to be dismissed without leave to amend. *See, e.g.*, *McCree*, 2020 WL 2632329, at *2.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**, without leave to amend.

(2) This action is **DISMISSED**. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of May, 2020.

          **TOM BARBER**
          **UNITED STATES DISTRICT JUDGE**